```
UNITED STATES DISTRICT COURT                        USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                       DOCUMENT
------------------------------------------------------------X   ELECTRONICALLY FILED
JOSE PIZARRO,                                       DOC #: _____
                                                    DATE FILED: May 1, 2018
                    Plaintiff,
        -v-
                                                    16-cv-5720 (KBF)
N.Y.C. HEALTH + HOSPITAL; COMM. JOSEPH
PONTE; WARDEN MONICA WINDLEY; JANE                  OPINION & ORDER
DOE PHYSICIAN; JANE JOE NURSE; C.O.
WEEKS; CAPTAIN VALEJO; C.O. MUNN;
CAPTAIN FIELDS; INFIRMARY CAPTAIN,
CITY OF NEW YORK,
                    Defendants.
------------------------------------------------------------X
```

KATHERINE B. FORREST, District Judge:

On July 18, 2016, plaintiff Jose Pizarro ("Pizarro" or "plaintiff") commenced this action pursuant to 42 U.S.C. § 1983, alleging in sum that the above-named defendants violated his constitutional rights by denying him adequate medical care following an asthma attack on April 30, 2016. (See generally Compl., ECF No. 2.) Defendants moved to dismiss the complaint on November 28, 2016 (ECF No. 29), and after some procedural interruptions described infra, plaintiff finally opposed dismissal on November 21, 2017 (ECF No. 45). Defendants replied on December 7, 2018 (ECF No. 48.)

Having carefully reviewed plaintiff's allegations and the parties' respective arguments, the Court concludes that plaintiff has failed to adequately state a claim. Further, to the extent plaintiff's complaint could be construed to raise certain state law claims, the Court declines to exercise supplemental jurisdiction. Accordingly, defendants' motion to dismiss must and shall be GRANTED.

I. BACKGROUND

A. Factual Allegations

The following factual allegations are derived from plaintiff's complaint, and are presumed true for purposes of the present motion to dismiss.

At all times relevant to this action, plaintiff was incarcerated at Rikers Island in East Elmhurst, NY. At approximately 9:30 a.m. on April 30, 2016, plaintiff woke up to an asthma attack and felt like he "could not breathe." Plaintiff informed the unit officer what was happening and requested emergency medical attention, but was forced to wait for an escort to the infirmary. Plaintiff alleges that he did not reach the infirmary until approximately 35 minutes to one hour after first reporting symptoms, and that once he arrived at the infirmary, he had to wait an additional hour and a half to see a nurse. Plaintiff claims that the nurse failed to check his breathing with a stethoscope, instead telling him that he was "fine" and that he could wait to see the doctor. Plaintiff then waited "another hour or so" to see the doctor, who informed him that she could not give him any medication or an asthma pump.

After being evaluated, plaintiff was sent back to his housing unit. Plaintiff alleges that approximately two hours later, he "still could not breathe," and that he was eventually brought back to the infirmary by "Captain Valejo" and "C.O. Paul." Once he arrived back at the infirmary, plaintiff claims he executed medical release forms so that the facility could obtain records "from another hospital." At that point, plaintiff was once again sent back to his housing unit "without any medical

2

attention or care." Plaintiff finally claims that the next day—August 31, 2016—he was given an "asthma pump," but not an "asthma injection," a treatment that he seemingly would have preferred.

On May 1, 2016, plaintiff wrote a letter outlining his complaint to the Office of the Commissioner, the Deputy Warden of Programs, and the Warden of the George R. Vierno Center (G.R.V.C.). Plaintiff subsequently filed a formal "Inmate Grievance and Request Program Statement Form" on May 3, 2016.

As a result of defendants' alleged misconduct, plaintiff claims that he suffered the following injuries: (1) emotional stress and anguish; (2) insomnia, paranoia, and increased anxiety; and (3) post-traumatic stress disorder. As for relief, plaintiff has requested the following from each named defendant: (1) $10 million in damages for emotional stress and mental anguish; (2) $10 million in damages for pain and suffering; and (3) $25 million in punitive. Plaintiff calculated the sum total of his damages as $363 million.

B. <u>Procedural History</u>

Plaintiff originally commenced this action on July 18, 2016. (See generally Compl.) As noted above, defendants moved to dismiss on November 28, 2016 (ECF No. 29), and the Court directed plaintiff to oppose not later than December 20, 2016 (ECF No. 32.) Plaintiff did not oppose by that date, and therefore the Court granted defendants' motion as unopposed on January 4, 2017. (ECF No. 33.) In doing so, the Court specifically noted that "plaintiff's mailing address has changed multiple

3

times and that he has suffered health issues requiring in-patient treatment" and made clear that its dismissal was without prejudice to refile.  (Id.)

On May 19, 2017, the Court received a letter[1] (the "May 19 Letter") from plaintiff requesting that the Court reopen the above-captioned case.  (ECF No. 35.)  The Court denied plaintiff's motion to reopen, but informed him that he could refile the action if he wished to pursue his claims further.  (ECF No. 36.)

On September 7, 2017, the Court received a new letter (the "September 7 Letter") from plaintiff that referenced the May 19 Letter and once again requested to reopen the above-captioned case.  (ECF No. 39.)  The September 7 Letter also contained a new complaint form that repeated, in sum and substance, plaintiff's original allegations.  (Id. at 3-20.)  Confusingly, the September 7 Letter was also docketed under a new case number (17-cv-5770), which was assigned to the undersigned.  By Order dated September 15, 2017 (ECF No. 40), the Court: (1) consolidated the case captioned 17-cv-5570 with this action[2]; (2) construed the September 7 Letter as an attempt to refile the original complaint in this matter; (3) declared the original complaint (ECF No. 2) and defendants' motion to dismiss (ECF No. 29) as refiled; and (4) directed plaintiff to file an opposition not later than October 16, 2017.  Plaintiff's time to oppose was subsequently extended until November 16, 2017.  (ECF No. 43.)

---

[1] Plaintiff's May 19 letter and all subsequent court filings were incorrectly addressed to Judge Loretta A. Preska.  That mistake is irrelevant to the Court's analysis of plaintiff's allegations and the pending motion to dismiss.
[2] The Court subsequently terminated the case captioned 17-cv-5770 by Order dated October 4, 2017.  (ECF No. 44.)

4

Plaintiff's opposition was received by the Court on November 21, 2017, though it was dated November 12, 2017. (ECF No. 45.) Defendants replied shortly thereafter on December 7, 2017. (ECF No. 48.)

II.   LEGAL PRINCIPLES

   A.   Rule 12(b)(6) Standard

At the motion to dismiss stage, a court must construe the complaint liberally, accepting all factual allegations in the complaint as true and drawing all reasonable inferences in favor of the non-moving party. Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001), as amended (Apr. 20, 2001). A complaint survives a motion to dismiss under Rule 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint must allege "more than a sheer possibility that a defendant has acted unlawfully" and more than "facts that are merely consistent with a defendant's liability." Id. (internal quotation marks omitted). Application of this standard is "context-specific," and requires the reviewing court to "draw on its judicial experience and common sense." Id. at 679. The Court is not "bound to accept as true a legal conclusion couched as a factual allegation." Id. at 678 (internal quotation omitted).

5

B. Construction of Pro Se Complaints

It is well-established in this Circuit that "the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotations and alterations omitted); see also Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) (quoting Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996)) (noting that pro se litigants "generally are entitled to a liberal construction of their pleadings, which should be read 'to raise the strongest arguments that they suggest'"). That said, a pro se plaintiff must still, to survive a motion to dismiss, plead enough facts to state a claim to relief that is plausible on its face. See Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011). Even though the Court is "obligated to draw the most favorable inferences" from the Complaint, it "cannot invent factual allegations that [the plaintiff] has not pled." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010).

C. Supplemental Jurisdiction

Under 28 U.S.C. § 1367(a), "[i]n any civil action of which the [federal] district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims . . . [that] form part of the same case or controversy under Article III of the United States Constitution." However, a district court "may decline to exercise supplemental jurisdiction over a claim . . . [if] the district court has dismissed all claims over which it has original jurisdiction." See 28 U.S.C. § 1367(c)(3); see also Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006) ("[W]hen a

court grants a motion to dismiss for failure to state a federal claim, the court generally retains discretion to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over pendent state-law claims."); Carnegie–Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial ... the state claims should be dismissed as well.").

III. DISCUSSION

For the reasons stated below, the Court concludes that plaintiff has failed to state a claim for relief, and that defendants' motion to dismiss must be granted.

A. The § 1983 Claim

At its core, plaintiff's complaint alleges that defendants violated his constitutional rights by depriving him of medical care following an asthma attack. And although the complaint does not specify precisely <u>which</u> constitutional right was violated, the Court must construe the complaint liberally "to raise the strongest arguments that [it] suggest[s]." Triestman, 470 F.3d at 474. Here, plaintiff's strongest and most obvious argument is that defendants' conduct violated the Eighth Amendment[3], which "forbids 'deliberate indifference to serious medical

---

[3] The Court notes that in the "Injuries" section of his complaint, plaintiff noted that he had suffered "cruel and unusual punishment," further suggesting that plaintiff intended to raise an Eighth Amendment argument. (See Compl. at 5.)

7

needs of prisoners.'" Spavone v. N.Y. State Dep't of Corr. Servs., 719 F.3d 127, 138 (2d Cir. 2013) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).

To state a deliberate indifference claim under the Eighth Amendment, plaintiff must satisfy two requirements. First, plaintiff must demonstrate that the "alleged deprivation of adequate medical care [was] 'sufficiently serious'" from an objective standpoint. Salahuddin v. Goord, 467 F.3d 263, 279 (2d Cir. 2006) (quoting farmer v. Brennan, 511 U.S. 825, 832 (1994)). A deprivation is "sufficiently serious" when the defendant (1) fails to provide "reasonable care" (2) in response to a sufficiently serious medical condition. Id. at 279-80. Second, plaintiff must demonstrate that the defendants were subjectively reckless in their denial of medical care—that is, "that the charged official . . . act[ed] or fail[ed] to act while actually aware of a substantial risk that serious inmate harm will result." Id. at 280 (citing Farmer, 511 U.S. at 836-37); see also Wilson v. Seiter, 501 U.S. 294, 300 (1991) (noting that "some mental element must be attributed to the inflicting officer" before the harm inflicted can qualify as "punishment").

Here, plaintiff has failed to satisfy the pleading standard with regards to both elements. First, plaintiff has not alleged sufficient facts to suggest that the alleged deprivation of medical care was "sufficiently serious" from an objective standpoint. Plaintiff claims that he suffered an "asthma attack" and that he "could not breathe," but also acknowledges that he was evaluated by two different medical professionals—a nurse and a doctor—on the day in question. Defendant need only

8

provide "reasonable care" in the face of a sufficiently serious medical condition[4], not the type of care that plaintiff would prefer. Here, plaintiff has made two primary allegations regarding the "reasonableness" of the care he received. First, plaintiff takes issue with the amount of time he had to wait for initial treatment—35 minutes to an hour to reach the infirmary, and an additional hour and a half to see a nurse. But plaintiff does not include any factual allegations tending to suggest those waits were unreasonable, for instance because an escort was unnecessary, or because the nurse wasn't seeing any other patients that day. Second, plaintiff faults both the nurse and doctor for failing to check his breathing with a stethoscope. But certainly, failure to use a particular medical instrument is not sufficient, standing alone, to constitute "unreasonable" care under the Eighth Amendment. Plaintiff's complaint does not contain any other allegations regarding the objective unreasonability of the care provided on April 30, 2016.

Second, as previously noted, plaintiff must allege that the defendants were <u>subjectively</u> reckless, in other words that they "fail[ed] to act while <u>actually aware</u> of a substantial risk that serious inmate harm will result." <u>Salahuddin</u>, 467 F.3d at 280 (citing <u>Farmer</u>, 511 U.S. at 836-37). As defendants correctly note, plaintiff has

---

[4] The Court notes that plaintiff likely also failed to plead a sufficiently serious medical condition. In <u>Salahuddin</u>, 467 F.3d at 279-80, the Second Circuit held that a "sufficiently serious" medical condition is one that produces "a condition of urgency . . . that may produce death, degeneration or extreme pain." Here, although plaintiff alleges that he suffered an "asthma attack," he does not actually allege that he suffers from asthma. Further, the <u>only</u> symptom described by plaintiff is that he "could not breathe." But clearly, plaintiff must have been able to breathe if he was able to survive the various waits and medical examinations described. Without more information regarding the nature of plaintiff's medical condition (which he does not describe) or the symptoms that he suffered on the day in question (which he does not sufficiently detail), plaintiff's claim of "sufficiently serious" medical need lacks facial plausibility under <u>Iqbal</u> and <u>Twombly</u>.

9

not included a single factual allegation regarding the subjective mindset of <u>any</u> of the named defendants. Although plaintiff takes apparent issue with the nurse's comment that he was "fine" and the doctor's decision to send him back to the housing unit without an asthma pump, he does not actually allege that either of those assessments were made with a culpable mindset. To be sure, plaintiff's complaint can be read to allege that those assessments were <u>wrong</u>, but the law requires more.

Both of the above points are independently sufficient to require dismissal of plaintiff's complaint, but there are additional issues as well. For instance, plaintiff does not explain or allege how any of the named defendants besides "Captain Valejo" were personally involved or responsible for the alleged deprivation at issue.[5] And it is well-established in this Circuit that personal involvement of the named defendants is a prerequisite to an award of damages under § 1983. See <u>Farrell v. Burke</u>, 449 F.3d 470, 484 (2d Cir. 2006); <u>Wright v. Smith</u>, 21 F.3d 496, 501 (2d Cir. 1994) (quoting <u>Moffitt v. Town of Brookfield</u>, 950 F.2d 880, 885 (2d Cir. 1991)). Further, plaintiff has failed to allege that any of the defendants in this case acted pursuant to "an adopted policy or custom" (or even that such a policy or custom exists), which is required to hold the two municipal entities—the City of New York and the New York City Health and Hospitals Corporation—liable under <u>Monell v. Dept. of Soc. Serv.</u>, 436 U.S. 658, 694 (1978).

---

[5] Further, plaintiff's complaint fails to raise a reasonable inference that "Captain Valejo"—who is alleged to have escorted plaintiff back to the infirmary—was responsible for any of the alleged mistreatment that he received. See <u>Iqbal</u>, 556 U.S. at 678.

10

Put simply, plaintiff has failed to allege sufficient factual matter, taken as true, to state a § 1983 claim that is plausible on its face. Accordingly, defendants' motion to dismiss the § 1983 claim must be GRANTED.

B.   Potential State Law Claims

The "Legal Basis for Claim" section of plaintiff's complaint indicates that plaintiff additionally intended to bring medical malpractice and/or negligence claims against the named defendants. However, given that the Court has dismissed the only potential federal claims contained in plaintiff's complaint, it declines to exercise supplemental jurisdiction over any potential state law claims. See 28 U.S.C. § 1367(c)(3); Carnegie-Mellon, 484 U.S. at 350 n.7.

IV.   CONCLUSION

For the reasons stated above, defendants' motion to dismiss at ECF No. 29 is hereby GRANTED in full.

Furthermore, the Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this Opinion & Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate all open motions and to terminate this action.

SO ORDERED.

Dated: New York, New York
May 1, 2018

_____
KATHERINE B. FORREST
United States District Judge

CC:

Jose Pizarro
8951601897-4LN
R.N.D.C.
11-11 Hazen Street
East Elmhurst, NY 11370